## CIRCUIT COURT OF BATH COUNTY

Laten C. Walker

    v.

Virginia Employment Commission
and Daniel Construction Co.

By JUDGE DUNCAN M. BYRD, JR.

### August 31, 1982

I have reviewed the arguments and memoranda of counsel in the above styled matter. For reasons stated in the memorandum of the Virginia Employment Commission, paragraphs A and B, I am of the opinion that the motion to quash discovery should be sustained.

Black's Law Dictionary, 4th Ed., West Publishing Co. (1951) p. 1604, states that the term summary "used in connection with legal proceedings" means a short, concise and immediate proceeding. I believe that discovery pursuant to Part 4 of our Supreme Court Rules has no place in a judicial review pursuant to *Code of Virginia*, § 60.1-67.1.

### January 3, 1983

The facts found by the Commissioner are as follows.

On July 15, 1980, the claimant filed a timely appeal from a Deputy's determination which disqualified him from receipt of unemployment compensation benefits, effective June 29, 1980, for having left work voluntarily without good cause.

The claimant was last employed by Daniel Construction Co., Warm Springs, Va., where he worked as a carpenter from August 17, 1979, to May 23, 1980, when he was laid off because of a reduction in force.

Some two weeks later, the above mentioned company telephoned the claimant indicating that employment was available for him in the state of Maine. It was his understanding that the job in Maine was to last three weeks, and he went there and worked from June 9, 1980, to June 26, 1980. When he was asked to stay an additional three weeks in Maine, he voluntarily terminated his employment indicating that he thought he was going to make $10.00 per hour in Maine and he was only making $9.15; that the company had not given him assistance in finding inexpensive living, and that he could not afford to stay in Maine and keep up expenses at home.

Before the Appeals Examiner, the claimant contended that it was his understanding that if he would go to Maine for three weeks, that the company would then send him to Tennessee, where they had a work project.

The findings of fact were supported by evidence.

The issue is whether or not the facts justified the conclusion that the claimant left work voluntarily without good cause pursuant to *Code of Virginia*, Section 60.1-58(a).

The term "good cause" must be interpreted so that the fundamental purpose of the Legislature will not be destroyed. 76 Am. Jur. 2d, *Unemployment Compensation*, section 59, p. 956. Good cause must meet the test of ordinary common sense and prudence. 76 Am. Jur. 2d, *id*. Moreover, it has been said that the quitting must be such a cause as would reasonably motivate, in a similar situation, the average able-bodied and qualified worker to give up his or her employment, *id*.

I am of the opinion that as a matter of law the claimant had "good cause" to leave his employment and that the conclusions of the Commission are not supported by the law and facts. The decision of the Commission ignores the fact that two of the essential terms of the employment agreement/contract, to-wit: a three week temporary assignment in Maine prior to a permanent assignment to Tennessee and at a like wage, were both breached or changed by the employer. While standing alone, either one of the reasons may not

constitute good cause, I am of the opinion that together the cumulative effect is such that, considering the totality of the evidence, reasonable men could not differ that this constituted good cause to leave his employment.